IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC ANTHONY CHAMBERS, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-2070
:
    v. : (Judge McClure)
:
WARDEN :
DOMINICK DEROSE, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

November 5, 2010

## **I. INTRODUCTION**

On October 6, 2010, Petitioner Eric Anthony Chambers ("Petitioner" or "Chambers"), a pre-trial detainee presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition"). Named as Respondents are the Dauphin County Prison, its Warden, Dominick DeRose, and "United States Probation and Parole."[1] Chambers

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. *See* 28 U.S.C. § 2242. Because Warden DeRose is Petitioner's custodial official for purposes of § 2242, he is the only proper Respondent in this action. Moreover, we observe that, although Chambers mentions an alleged delay in scheduling a federal probation violation hearing in his petition, he does not include a corresponding request for relief. To the extent he seeks relief as to that claim, the dismissal of the United States Office of Probation and Parole in this action is without prejudice to Chambers' ability to pursue that relief via a separate petition as
(continued...)

has paid the $5.00 filing fee. (*See* Rec. Doc. No. 4.) For the reasons set forth below, the petition will be dismissed on its face without prejudice for failure to exhaust state court remedies.

## II. FACTUAL BACKGROUND

In his petition, Chambers explains that he was arrested on February 16, 2010 and has been held since that date in the Dauphin County Prison. (Rec. Doc. No. 1 at 1 2.) A review of the Dauphin County Court of Common Pleas docket sheet for the docket number referenced by Chambers in his petition reveals that he currently is awaiting trial on charges of Possession of Firearm Prohibited, Receiving Stolen Property, and Conspiracy- Receiving Stolen Property. *See Commonwealth of PA v. Eric Anthony Chambers*, Dauphin County Court of Common Pleas Docket No. CP-22-CR-0002046-2010.[2] In the instant petition, Chambers alleges that his right to a speedy trial has been violated because he has not been taken to trial within 180 days as required by Pennsylvania Rule of Criminal Procedure 600(A)(2)[3]. (Rec. Doc. No. 1 at

---

[1](...continued)
appropriate.

[2]*See* Pennsylvania Criminal Courts of Common Pleas Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

[3]Pennsylvania Rule of Criminal Procedure 600(A)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed."

2

2 ¶ 12.) He claims that his preliminary hearing date was continued three (3) times and that, as a result of his case being placed on the miscellaneous court session docket for August 2, 2010, his trial date was continued against his wishes because he did not wish to enter a guilty plea. (*Id.* at 2 ¶ 13; at 3 ¶ 16.) A review of the state criminal docket shows that Chambers' trial date recently was continued from October 25, 2010 to an unspecified date. *See Commonwealth of PA v. Eric Anthony Chambers*, Dauphin County Court of Common Pleas Docket No. CP-22-CR-0002046-2010.[4]

Chambers alleges that his counsel in his state criminal proceedings failed to file a motion for nominal bail and a motion to quash return of transcript and/or petition for writ of habeas corpus with the trial court, and that when Chambers attempted to file these motions *pro se* with the Dauphin County Clerk of Court, the motions were returned to him because he is represented by counsel. (*Id.* at 3 ¶¶ 17-20.)

As relief, Chambers requests that this Court enter an Order authorizing his release from excessive bail by ordering nominal bail with prejudice as to the criminal charges pending against him in the Dauphin County Court of Common Pleas at Docket No. CP-22-CR-0002046-2010. (*Id.* at 3 ¶ 1.) In the alternative, Chambers requests that this Court issue a writ of habeas corpus commanding Warden DeRose to produce him before this Court for a Rule 600 hearing. (*Id.* at 4 ¶ 2.)

---

[4]*See* Pennsylvania Criminal Courts of Common Pleas Docket Sheets, *supra* note 2.

## III.    DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* 2007 WL 846559 *2 (M.D. Pa. Mar. 19, 2007) (Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself . . . ." *Gorko v. Holt,* 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

It is apparent from the instant petition, and a review of the docket pertaining to Petitioner's criminal case, that Chambers has not yet been tried or convicted on the criminal charges he faces in the Dauphin County Court of Common Pleas, and thus he is a pre-trial detainee. Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be

in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). Clearly, Chambers is not yet in custody pursuant to the judgment of a state court as he is being held while he awaits trial on charges in Dauphin County.

Nevertheless, this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus in these circumstances. In pertinent part, § 2241(c)(3) provides as follows:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-
>    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . . .

28 U.S.C. § 2241(c)(3). It is under this section that district courts have jurisdiction to issue a writ of habeas corpus before judgment is rendered in a state court proceeding. *See Moore v. DeYoung*, 515 F.2d 437, 442 & n.5 (3d Cir. 1975); *see also Paladino v. King*, 247 Fed. Appx. 393, 394-95 (3d Cir. 2007) (challenges to pretrial incarceration are properly pursued in a § 2241 petition) (nonprecedential).

Although a petitioner is authorized to seek pre-conviction habeas relief, he still is required to exhaust state court remedies before filing a federal habeas petition. It is well-settled in the area of *post-conviction* habeas relief that, as mandated by 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must demonstrate that he or she "has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 847 (1999); *Evans v. Court*

5

*of Common Pleas, Delaware Cty., Pa.,* 959 F.2d 1227, 1234 (3d Cir. 1992), *cert. dismissed* 506 U.S. 1089 (1993). Although 28 U.S.C. § 2243(c)(3) does not set forth an exhaustion requirement for petitioners seeking *pre-conviction* habeas relief, an exhaustion requirement has developed through decisional law. *See Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490-91 (1973)); *see also Moore*, 515 F.2d at 442 ("although there is a distinction in the statutory language of ss 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992), *cert. denied*, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to

6

the state courts." *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989), *cert. denied*, 493 U.S. 1036 (1990) (internal citations omitted).

Where state court remedies are unexhausted, as recognized by the United States Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1981), "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.,* 973 F.2d 169, 173 (3d Cir. 1992). It is only when the circumstances demonstrate that a petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482-83 (1965).

A petitioner's claim that he has been deprived of a speedy state trial normally is not considered such an extraordinary circumstance so as to warrant federal habeas relief. *Moore*, 515 F.2d at 447. In *Moore*, the Court based its conclusion that an alleged denial of a speedy trial did not constitute an extraordinary circumstance on the fact that the petitioner "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." *Id.* at 449. In Pennsylvania, after a judgment of conviction has been entered, a petitioner may attack the conviction in a collateral proceeding under the Post Conviction Relief Act, codified at 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA").

In order to satisfy the federal habeas exhaustion requirement, a petitioner's claims may be presented to the state courts directly on appeal from the conviction or sentence, or through a collateral proceeding under the PCRA. However, it is not necessary for a petitioner to present his or her federal claims both on direct appeal and in a PCRA proceeding in order to satisfy the federal exhaustion requirement. *Evans*, 959 F.2d at 1230-31; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984); *see also Carpenter v. Vaughn*, 888 F. Supp 635, 644 (M.D. Pa. 1994) (McClure, J.).

Applying the foregoing principles to the instant case, as to Chambers' claim that the amount of bail set by the trial court is excessive, the criminal docket in his case shows that the trial court entered an order on July 13, 2010 denying his motion to reduce bail. *See Commonwealth of PA v. Eric Anthony Chambers*, Dauphin County Court of Common Pleas Docket No. CP-22-CR-0002046-2010.[5] There is no indication from the docket that Chambers filed a motion for reconsideration with the trial court or an appeal to the Pennsylvania Superior Court from that denial. As such, he has not exhausted this issue in state court. Moreover, where Chambers still has relief available to him at the state court level, extraordinary circumstances do no exist that warrant our intervention on this issue.

As to his claim that his right to a speedy trial has been violated, it does not

---

[5]*See* Pennsylvania Criminal Courts of Common Pleas Docket Sheets, *supra* note 2.

8

appear from the trial court docket that Chambers has sought any relief from the state courts on this issue, and thus it also is unexhausted. We also observe that, the fact that Chambers' trial date was continued on two occasions (from August 2, 2010 to October 25, 2010, and from October 25, 2010 to an unspecified date) does not demonstrate that he faces a threat of irreparable harm that would warrant a finding of extraordinary circumstances justifying our intervention. Based on the foregoing, we are precluded under the abstention doctrine set forth in *Younger* from intervening in the pending state law proceedings. *See Arsad v. King*, Civil Action No. 07-1952, 2008 WL 5101700, at *9 (E.D. Pa. Nov. 26, 2008); *see also Clegg v. Commonwealth of PA*, Civil No. 3:CV-09-394, 2009 WL 1034481, at *2 (M.D. Pa. Apr. 16, 2009) (Vanaskie, J.).

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed without prejudice. An appropriate Order follows.

             s/ James F. McClure, Jr.
             JAMES F. McCLURE, JR.
             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC ANTHONY CHAMBERS,   :
                :

|                          |   |
|--------------------------|---|
| Petitioner               | : |
|                          | : CIVIL NO. 4:10-CV-2070 |
|                          | : |
| v.                       | : (Judge McClure) |
|                          | : |
| WARDEN                   | : |
| DOMINICK DEROSE, *et al.*, | : |
|                          | : |
| Respondents              | : |

## ORDER

November 5, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(3).

                                                  s/ James F. McClure, Jr.  
                                                  JAMES F. McCLURE, JR.  
                                                  United States District Judge